**PROVIDENT RELIEF ASS'N et al. v. VERNON et al.**

Court of Appeals of District of Columbia.
Submitted March 8, 1927. Decided
May 2, 1927.

No. 4547.

1. Insurance ⬤⟳50—Appointment of receivers pendente lite for insurance association held warranted, in view of facts and alleged mismanagement (Code, § 653).

Appointment of receivers pendente lite for insurance association *held* warranted, under Code, § 653, in view of facts and alleged mismanagement.

2. Insurance ⬤⟳50—Appointment of receivers pendente lite to preserve property of insurance association is within discretion of court.

It is within discretion of the court to undertake by means of appointment of receivers pendente lite to preserve property of insurance association during suit involving title thereto.

W. B. Thomas, of Washington, D. C., for appellants.

W. G. Gardiner, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from an order of the lower court appointing receivers pendente lite for certain assets of the Provident Relief Association, a corporation.

[1] The order in question was based upon the pleadings and exhibits. It appears that the Provident Relief Association is a corporation organized under the laws of the District of Columbia, as a life, health, and accident insurance company, with a capital stock of $25,000, consisting of 1,000 shares, of $25 each. Of these shares, 498 are held by the National Savings & Trust Company, a defendant below, as administrator de bonis non of the estate of John Brosnan, Sr., deceased; 4 are owned by one Thomas Bramhall; 1 by defendant Eunice V. Avery; and the remaining 497 shares stand upon the books of the company in the name of John Brosnan, Jr. The ownership of the latter shares, however, is claimed by the plaintiffs below, upon an averment that the title thereto had been assigned to them, but not transferred upon the records of the company. The entire stock accordingly was virtually held by the administrator of John Brosnan, Sr., and by the children of that decedent; the association, as well as this controversy, being confined to that family. Plaintiff Gardiner is attorney for his coplaintiffs, and whatever stock is held by him is held in the interest of his clients.

The association at one time did an extensive business in the District of Columbia and the state of Virginia, and acquired considerable assets, but since the year 1925 the stockholders have been engaged in continuous litigation with one another affecting the association, and its interests have been greatly prejudiced thereby. On May 15, 1926, the superintendent of insurance of the District of Columbia, acting under section 653, D. C. Code, suspended the license of the association to transact business within the District of Columbia, except to make collections of premiums upon old contracts in force; the reason assigned for this action by the superintendent of insurance being the impairment of the capital stock of the association, and the failure to make this good within the prescribed time after its discovery as a result of a recent examination.

On June 4, 1926, in the circuit court of the city of Richmond, state of Virginia, in a suit brought upon the relation of the commissioner of insurance against the association, it was found by the court that the association was in-

solvent, and its capital and reserve seriously impaired, wherefore the court ordered and decreed that the assets of the association found within the state of Virginia should be seized by the commissioner of insurance of the state, and applied to the payment of its debts within that state.

The present suit was begun in the lower court by appellees against appellants, alleging gross insolvency of the association, and willful mismanagement of its assets and affairs by John Brosnan, Jr., who, it is alleged, is not a stockholder, but nevertheless has usurped the office of president of the association, and praying the court to appoint receivers to take charge of its assets for the protection of appellees as stockholders, and for the benefit of all parties in interest. A creditor of the association, whose claim was overdue and unpaid, was allowed to intervene, and joined in this prayer. Thereupon the lower court appointed receivers pendente lite for the association, to take possession of its assets and to make a report in writing of the condition of its affairs, in order that the court might make such orders within the issues as would conserve the same and protect the interests of all parties concerned. The receivers pendente lite qualified and took possession of the assets of the association as far as could be, whereupon the defendants appealed to this court, and filed a supersedeas bond for the vacation of the order appointing the receivers pendente lite. The sole question now before us, therefore, relates to that appointment.

We think it manifest from the record that the ill will and protracted litigation between the members of the family owning the stock of the association have effectually defeated and rendered impossible the corporate objects for which the association was organized. It is no longer entitled to do business in Virginia, its assets in that state are in the hands of the law, and its business in the state is in process of liquidation. In the District of Columbia it is prohibited from issuing any new policies, although permitted to receive payments of premiums upon policies already issued, and apparently the association has never been licensed to enter any other territory. The ownership of almost half of the association's capital stock is in question in this suit, and the charges of willful mismanagement by the present officers, although denied, cannot be ignored.

In this condition of affairs we are convinced that the order of the lower court, appointing receivers pendente lite for the preservation of such assets as the association may still have, should not be disturbed. "The appointment of a receiver pending a suit is a purely conservative measure, very different in its effect from such an appointment upon final hearing. * * * Greater discretion, therefore, is allowed to the court in the one case than in the other. * * * Nor do we understand that our jurisdiction on appeal is less discretionary, or that we should not indulge all possible presumption in favor of the propriety of the action of the court below in the order which it makes." Mr. Justice Morris, in Clark v. Bradley Co., 6 App. D. C. 443.

[2] It was well within the discretion of the lower court to undertake, by means of such an appointment, to preserve the property of the association during the pendency of the suit. See, also, Masters v. Hartmann, 45 App. D. C. 253, 259; U. S. Shipbuilding Co. v. Conklin (C. C. A.) 126 F. 132; Columbia Nat. Sand Dredging Co. v. Washed Bar Sand Dredging Co. (C. C.) 136 F. 710; Scattergood v. Am. Pipe & Const. Co. (D. C.) 247 F. 712, 714.

The order of the lower court appointing receivers pendente lite is affirmed, with costs.