## VERNON et al. v. PROVIDENT RELIEF ASS'N et al.

Court of Appeals of District of Columbia. Submitted March 8, 1927. Decided May 2, 1927.

### No. 1156.

1. **Appeal and error ⟨⟩385(2)—Legality of appeal held not dependent on question whether person signing appeal bond was lawful president of appellant association.**

Where appeal bond was signed by one acting as president of appellant association, *held*, legality of appeal did not depend on validity of acting president's title to that office, nor was appeal dismissable because he was not lawful president.

2. **Appeal and error ⟨⟩621(3)—Appeal from order appointing receiver held taken as matter of right, and appellant entitled to 90 days within which to file transcript (Act Feb. 9, 1893, § 7 [27 Stat. 435]; Court of Appeals Rule 15, §§ 1, 2).**

Appeal from order appointing receivers *held* taken as of right, under Act Feb. 9, 1893, § 7 (27 Stat. 435), and hence appellant was entitled, under Court of Appeals Rule 15, § 1, to 90 days within which to file transcript of record, rather than to 20 days only, under section 2 thereof.

Original suit by Catherine Vernon and others against the Provident Relief Association and others, praying dismissal of appeal

taken by defendants in another action. Petition dismissed.

W. G. Gardiner, of Washington, D. C., for petitioners.

F. R. Reid, of Aurora, Ill., and W. B. Thomas, of Washington, D. C., for respondents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This suit was heard and is now decided concurrently with suit No. 4547, Provident Relief Association et al., Appellants, v. Catherine Vernon et al., Appellees, —— App. D. C. ——, 19 F.(2d) 709, on appeal to this court from the Supreme Court of the District of Columbia.

In the latter case the lower court appointed receivers pendente lite to take possession of the assets of the Provident Relief Association, a corporation, defendant therein, in order to preserve the same during the pendency of the cause. An appeal to this court was taken from that order by the association. The appeal was noted in the lower court, and the amount of the bond fixed, on June 18, 1926, and the bond was filed within rule. The transcript of the record was filed in this court on December 31, 1926.

Thereupon the present plaintiffs who were appellees in the appeal, filed their petition herein as an original suit, praying the court to dismiss the appeal upon two grounds, to wit: First, that John Brosnan, Jr., who signed the bond as president of the association, was not the lawful president of the association at the time when the appeal was noted, and was not authorized to act for it in the signing of the bond; and, second, that the transcript of the record was not filed in this court within 20 days after the noting of the appeal in the lower court, plaintiff contending that under the statute and rules of this court such a transcript must be filed within such period. [1, 2] We do not agree with either of these contentions. The appeal was taken below by counsel representing the Provident Relief Association, and the bond was signed by John Brosnan, Jr., as the acting president of the association. The legality of this appeal cannot be made to depend upon the validity of his title to that office.

As to plaintiffs' second contention, we may say that the appellants were not compelled to file a transcript of the record within 20 days from the noting of the appeal, but were entitled to 90 days thereafter for that purpose. Section 7 of the Act of Congress approved February 9, 1893 (27 Stat. 435), provides that "appeals shall also be allowed to said Court of Appeals from all interlocutory orders of the Supreme Court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like, and also from any other interlocutory order, in the discretion of said Court of Appeals, whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal." Accordingly the appeal now in question was taken as of right, and was not dependent upon an order of allowance by this court.

Under amended section 1 of rule 15 of this court, it is provided that, when an appeal is entered and perfected in the court below, it shall be the duty of the appellant, within 90 days from the time the appeal is so entered and perfected, to produce and file with the clerk of this court a transcript of the record. Under section 2 of the same rule it is provided that, in all cases of appeal from an interlocutory order or decree of the Supreme Court of the District of Columbia, the transcript of the record shall be filed in this court within 20 days from the entry of the order of the allowance of such appeal. This rule is not entirely clear, but we think its true intent is to restrict the filing of such a transcript to 20 days after an entry is made in this court of the allowance of an appeal in any case requiring such an order of allowance, and that 90 days are given for the filing of a transcript in case of any appeal taken as of right. The instant case falls within the latter class, and the transcript was filed accordingly; notice being taken of the holiday regulation.

We therefore dismiss the petition of plaintiffs, at their costs.